MASTER PLUMBERS AND STEAMFITTERS CLUB
*v.* CITY OF DETROIT.

1. LICENSES—PLUMBING PERMITS—HOME RULE CITIES—STATUTES.

   Under statute relating to home rule cities, the city of Detroit has power to issue plumbing permits and charge fees sufficient to cover the cost of inspection, since such right has not been taken away by statutes relating to licensing of plumbers by the State (Comp. Laws 1929, § 2239; § 6688 *et seq.*, as amended by Act No. 260, Pub. Acts 1933; § 6705 *et seq.;* Detroit Compiled Ordinances, 1936, chap. 71).

2. COSTS—PUBLIC QUESTION—PLUMBING PERMITS.

   No costs are allowed in suit for declaration of rights respecting authority of home rule city to issue plumbing permits and charge a fee therefor, a public question being involved (Comp. Laws 1929, § 2239; § 6688 *et seq.*, as amended by Act No. 260, Pub. Acts 1933; § 6705 *et seq.;* §§ 13903–13909; Detroit Compiled Ordinances, 1936, chap. 71).

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 17, 1941. (Docket No. 68, Calendar No. 41,562.) Decided June 2, 1941.

Bill by Master Plumbers & Steamfitters Club of Detroit, Inc., a nonprofit corporation, and others against City of Detroit (Department of Buildings and Safety Engineering) for a declaration as to the right of the city to demand a charge for plumbers' permits. From decree rendered, plaintiffs appeal. Affirmed.

*Maxwell I. Silverstein,* for plaintiffs.

*Paul E. Krause,* Corporation Counsel, and *William J. Kent,* Assistant Corporation Counsel, for defendants.

Butzel, J.   Plaintiff association, and a group of plumbers, filed a bill for a declaration of rights under Act No. 36, Pub. Acts 1929, being 3 Comp. Laws 1929, §§ 13903–13909 (Stat. Ann. §§ 27.501–27.507), in which they sought a decree of the court as to the right of the city of Detroit to demand a charge for plumbers' permits.   They claimed that the city of Detroit does not have such a right under any existing law, charter or ordinance, and that the ordinance of the city relating thereto was invalid and not authorized by any existing statute. The lower court held that the ordinance was valid and plaintiffs appeal.

The ordinance in question is No. 20-C, effective September 13, 1929, being chapter 71, compiled ordinances, 1936.   It reads as follows:

"An ordinance to provide for permits for the installation of plumbing in the city of Detroit and the charging of fees for such permits.

"*It is hereby ordained by the people of the city of Detroit.*

"Section 1.   No person, firm or corporation shall install, replace, or alter any plumbing in the city of Detroit, without having first secured a permit from the bureau of licenses and permits of the department of buildings and safety engineering.

"Sec. 2.   Fees for such permits shall be as determined by the board of rules of the department of buildings and safety engineering.   All fees so collected under this ordinance shall be specifically appropriated towards the costs and expense of plumbing inspection, as provided in Act No. 222, § 12, Pub. Acts 1901, as amended.*   Such permit shall be issued by the bureau of licenses and permits upon the compliance of the applicant with the provisions of Act. No. 222, Pub. Acts 1901, as amended, and all

* 2 Comp. Laws 1929, § 6705 *et seq.* (Stat. Ann. § 14.471 *et seq.*).— Reporter.

ordinances of the city of Detroit relative to plumbing and drainage.

"SEC. 3. Any person, firm or corporation failing to secure a permit before the installation, replacement or alteration of any such plumbing, shall be guilty of violating this ordinance and shall be subject to a fine of not to exceed five hundred dollars or thirty days in the Detroit house of correction.

"SEC. 4. All ordinances or parts of ordinances in conflict herewith are hereby repealed."

There is no claim that the fees charged by the city of Detroit are larger than those charged by the State plumbing board or that the aggregate fees received by the city of Detroit are much above the cost of plumbing inspection and issuance of permits. Under 1 Comp. Laws 1929, § 2239 (Stat. Ann. § 5.2082), Detroit, as a home rule city, is given the right to regulate trades and occupations within its boundaries, such regulations not to be inconsistent with State and Federal laws; also to punish violators in the manner prescribed by the ordinance hereinbefore set forth.

Under Act No. 222, Pub. Acts 1901, provision was made for cities to examine licensed and registered plumbers. We held in *People* v. *Decker,* 141 Mich. 304, that the ordinance of the city of Grand Rapids providing for the fees exacted for installing plumbing was not authorized by Act No. 222, Pub. Acts 1901. Thereafter the act was amended by Act No. 202, Pub. Acts 1929, so as to provide in section 12:

"That the legislative body of any city may by ordinance provide for plumbing permits and the charging of fees therefor and may provide the manner of fixing such fees: *Provided, however,* That all fees so collected under this act shall be specifically appropriated toward the costs and expenses of plumbing inspection in accordance with the pro-

visions of this act.'' 2 Comp. Laws 1929, § 6716 (Stat. Ann. § 14.482).

Plaintiffs, however, claim that under Act No. 266, Pub. Acts 1929, as amended by Act No. 260, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 6688 *et seq.,* Stat. Ann. § 14.451 *et seq.*), the right to issue permits has been taken away from the municipalities and lodged solely in the State authorities. We find, on the contrary, that this latter act, prior to its amendment in 1933, distinctly provided in section 16 that nothing in the act should be construed as repealing Act No. 222, Pub. Acts 1901, as amended. Section 16 was not amended or repealed by Act No. 260, Pub. Acts 1933. Appellants claim that the provisions of Act No. 266, Pub. Acts 1929, as amended by Act No. 260, Pub. Acts 1933, are so repugnant to those of former acts that they thus impliedly repeal the right given to municipalities to issue and charge for plumbing permits. Section 4 of Act No. 266, Pub. Acts 1929, as amended by Act No. 260, Pub. Acts 1933, provides that the legislative bodies of all cities and villages having a population of 10,000 or over are authorized to prescribe reasonable rules and regulations to safeguard the public health, et cetera, and for the enforcement of such rules, and ''that no plumbing shall be done, except repairing leaks, without a permit upon prescribed conditions.'' It further provides that such local authority as may be designated by any such charter or ordinance for the issuance of plumbing permits and approval of plans shall report to the State plumbing board any persistent or wilful violations of the law and any incompetence of a licensed plumber. Notwithstanding plaintiffs' claims that the acts are in a state of confusion and need clarification, we find upon careful examination that the city of Detroit has the right to issue plumbing permits and to exact fees for

such issuance. As this is the only question before us, further discussion of the two acts is unnecessary.

The decree of the trial court is affirmed, but without costs, as a public question is involved.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred. McALLISTER, J., took no part in this decision.